U.S. v. Castellanos. Good morning, Your Honors. Doug Keller on behalf of Mr. Castellanos. The issue on appeal in this case is a pretty narrow one. It's whether the district court reversibly erred by imposing both the two-level flight enhancement and the six-level substantial risk of serious bodily harm enhancement. The parties agree that if the district court imposed both of these enhancements based on Mr. Castellanos' flight from law enforcement, then the court erred. And I think the record is quite clear that's exactly what the district court did. Judge Burns, over and over again, reiterated that his rationale for imposing both enhancements was that you could split up the flight into different episodes. And he imposed one of the enhancements on the first part of the flight, which was in the highway. And he imposed the other enhancement on the second part of the flight, which was the flight in the surface streets. So perhaps the clearest articulation of this is when he's advising my client of his right to appeal, Judge Burns says, so, Mr. Castellanos, you have the right to appeal the sentence I imposed. In particular, I think your lawyer objected to me adding the two points, the flight enhancement. You know, because I said, look, there were different periods where he was endangering people with the way he was driving. You know, if you think that's wrong, you can appeal that. The appellate court will look at it. And if they determine I'm wrong, they'll send it back for resentencing. So Judge Burns is very clear what he's doing here, which is dividing the flight up. And that's exactly what the application notes, the guidelines say you can't do. And that's exactly what this court's decision in Lopez Garcia says you can't do. So the only other question, then, is whether this court essentially can do the district court's job for it and impose the enhancement space and the facts and the record. And as I suggest in my brief, I think this court just can't do that. That's not the job of an appellate court. It's the job of the district court and remand to make necessary factual findings. We would have to, there would have to be a factual finding as to intent or recklessness, the mens rea element. That's right, Your Honor. That has not been done? That's not in the record? Correct. I think for that reason alone, this court can't affirm on alternative basis. If you look at application note three, sentencing guidelines for subsection B6, it says, quote, reckless conduct to which the adjustment from subsection B6 applies includes a wide variety of conduct, e.g. transporting persons in the trunk or engine compartment of a motor vehicle, and goes on to give a few other examples. Why isn't that enough here? The judge did make a factual finding that there were people being transported in the trunk. So another way of saying it is, doesn't this application note suggest that driving with people in the trunk is a matter of law, reckless conduct? I don't think it can mean that. I think those are simply examples that can arise to the level of substantial risk. At the end of the day, the standard is, is there an intentional or reckless creation of a substantial risk? And so that's going to depend on the particular facts. Isn't that self-evident? I mean, if you drive someone in the trunk, they can't get out. Isn't that just by definition reckless? It's not. It really depends on the facts. So for instance, sometimes when people are involved in alien smuggling, the driver of the car has no idea about the conditions of the trunk, isn't allowed even to see the people who are going to go into the trunk. So it's not clear that my client had any idea of the conditions the people were in the trunk. And so that's the fact that they're in the trunk. You wouldn't carry your family members in the trunk or your friends. I mean, it just seems to me self-evident. You put someone in the trunk, you're driving. There's no seat belt. There's limited air. They can't get out. I mean, that to me, just by definition, it's so self-evident that it's reckless. And I think that's what the application note is saying. I think it really depends on the facts. With some alien smuggling organizations, the trunk is prepped for someone with seat belts, with air. They can talk to the driver, et cetera. It really just depends on the particular facts. And when it comes to the mens rea, it depends on what facts the driver knows. So, you know, certainly if you looked in my trunk, you know, if someone was in there for more than a minute, they probably would die because of all the stuff in there. There's no air, et cetera. But that's not true of all trunks. It really just depends on the particular facts. And that's why I think- Don't some trunks have latches so that people can get out and are used in smuggling? They often do. In fact, I think several years ago, I think the federal government requires cars to have those releases. And if anything, the record suggests that my client believed that was true in this case because when he was asked, can you get the people out of the trunk? He said, no, presumably because he thought they could get out. Now, on remand, the government can argue that my client was being truthful and we can have an evidentiary hearing about that. But I think that underscores the point here that it's really a question for the district court to apply this enhancement and determine whether its requirements are met, not this court to do that. Do we know anything about what kind of car, what year car this thing was? I believe it was a 1999 Toyota, I forget the model. Is that before they put in the requirement for the escape line? It was, yes. And I think it is undisputed as a fact, so now that there was not a release in this case, that just goes to the question of what my client knew. Exactly, exactly. So I have nothing else to add if the court has no further questions. No. Thank you. Good morning, may it please the court. Nicole Reese Fox, the United States. The district court did not err in imposing both enhancements here because the court did not apply the subsection 2L1.1B6 enhancement solely on the basis of flight. So what's the place in the transcript where you get that from what the judge said? I would point the court to two citations at the sentencing hearing. The court goes through the different instances of flight and then says, let's line this up with the guidelines, and says he's got two people in the trunk and he's driving 110 miles an hour. What page are you at? Sorry, ER 34 to 35. Thank you. He's got two people in the trunk, he's driving 110 miles an hour, according to the agents. I think that supports the six-level increase. I would also emphasize that the six-level increase that we're now, that the defense counsel is now disputing. Wait, I didn't see that line you just said. Bottom of 34. If we break this down and compartmentalize it, he's got two people in the trunk and he's driving 110 miles an hour, according to the agents. And then I would also point the court to ER 58, which is at the second, the continued sentencing hearing where the court is sort of going over what it had decided in the previous hearing. And the court says, I really focused on the 110-mile chase with two people in the trunk for the 2L1.1B6 enhancement. Now, the 2L1.1B6 enhancement was agreed to. Wait, did you see what he says right after that, what the judge says right after that, right? Yes. That qualified of itself, I've made the case, I believe sufficiently that the plus two Yes. So in other words, he says right there that he segmented it. He did, but he's clear that the plus six, the 2L1.1B6, the plus six that the parties agreed to in the plea agreement, is based on the people in the trunk at 100 miles per hour. So that does include flight conduct, but it's not solely. But he didn't make a finding as to the intentional or reckless. The defendant agreed to that in the plea agreement. He admitted, he agreed to this plus six enhancement. So there's no question that he already admitted and swore under penalty of perjury under oath in his plea agreement that he intentionally or recklessly created the substantial risk. The enhancement that he, that was not included in the plea agreement is the flight one. So the plea agreement itself is at ER6 where he admits that he drove the vehicle with the two aliens in the trunk from which they could not free themselves. And the PSR, in fact, at paragraphs 11 and 12, notes that it was the defendant who put these aliens in the trunk. So this isn't one of those cases where somebody else does it and then the person's just driving and doesn't know the condition. Both of the individuals in the trunk identified this defendant as the one who put them in the trunk. And the PSR also stated that the material witnesses could not exit on their own. And the defendant did not object to anything, any factual finding in the PSR. So this court has to take those as true. So there's no dispute that the defendant agreed to the 2L1.1B6 enhancement. And the only question is whether that enhancement was based solely on flight. And because it was not, it was not error to impose the additional plus two for the flight. You just tell me exactly, I'm not saying it's not there. Just tell me exactly where in the plea agreement the admission comes on the 2L. It's at ER6. Okay, so it's, what is it? Is it B2? Is that the paragraph B2? So yeah, I would point the court to sort of the combination of two places. So the factual basis, so this is the sort of the elements. That's ER6, right? That's ER6. Where specifically the defendant admits that he drove the vehicle with two aliens in the trunk from which they could not free themselves. And then if you look at ER11, that's where it's the party sentencing recommendations. And that's where the parties jointly agree. There's an agreement to the 2L1.1B6. Which presumably is an agreement that the defendant had the requisite mens rea or he wouldn't have agreed to the enhancement in the first place. Certainly had to make it more complicated than it needed to be. Judge Burns will be Judge Burns, but the PSR at least is very clear on the reasoning. And I don't think there's any dispute between the parties that had the court simply adopted the reasoning in the PSR, there would be no issue. And so at a minimum, the facts in the PSR which are undisputed support both enhancements. But the commentary about not using one if you use the other is in both guidelines sections, right? So even though the defendant didn't may have agreed to 2L1.1B6, he didn't agree to the 3C or? That's correct. But 2L1.1B6 explicitly A, includes the language that Judge Lee cited that sort of presumes reckless conduct from having individuals in the trunk. And is the section where it says that if you're applying the B6, which again is the alien smuggling enhancement. So if that applies just because of flight solely based on flight, you don't get the extra plus two. But because in this case, based on the undisputed facts in the PSR, I think the district court did not apply that enhancement solely based on flight. Okay. Unless the court has any further questions, I would submit. Thank you. I just want to start with a plea agreement because it absolutely does not say that my client agreed that he do anything about the defendants. I'm sorry, the aliens in the trunk. If you go to ER six, there's two important paragraphs. In paragraph two, the one the prosecutor is referencing, my client admits to the fact that the aliens were in the trunk and they were locked. He does not admit a mens rea at all. He admits that he drove the vehicle and aided in the transport of two aliens in an unsafe manner. Correct. Okay. With no mens rea. But then if you go down to paragraph three, I'm at the very last sentence. Here's where he does admit a mens rea. He says that he, quote, refused to yield and continue to drive fast and recklessly. That's about the driving, not about the people in the trunk. Correct. That's why the six level enhancement applied under the plea agreement. So we certainly agree that we admitted to the fact necessary for the plus six. The dispute is about what facts could arise, could allow the court to apply the plus six. So certainly under the plea agreement, there are not facts that allow the court to say that my client knew about the aliens in the trunk and the manner in which they were being transported. So then we of course go back to what Judge Burns says. And regardless of what the plea agreement says, the PSR says, Judge Burns himself is very, very, very clear about what he was doing. It's true he twice mentions the fact that there were aliens in the trunk, but he only does that in the context of explaining that the sub-risk enhancement applies because you must have risk towards somebody. And he's simply identifying the people in the trunk as the people he was putting at risk, not because they were in the trunk, but because they were being driven in an unsafe manner. So can I ask a question? So given the agreed upon sentencing guideline calculation that agreed to the 201.1B6, if the judge had just imposed that one, you wouldn't have an issue on appeal, right? Correct. That would be consistent with the plea agreement. Just the fact that he added on the other two. Correct. I mean, you might have it, somebody might have an issue, but it would have been forfeited or waived or whatever purposes. Right, exactly. And this is how many, did anyone cite Lopez Garcia to him? I mean, the sentencing was when, two years ago? About a year and a half ago. And Lopez Garcia's 2003 case, I mean. I think the problem was, this was sort of unexpected, frankly, from the party's point of view. And so we were sort of caught flat-footed. This being the two, this application? Correct, dividing the flight up into these different components. So I think for that reason, this court should remand and give Judge Burns an opportunity to decide what he wants to do, given the facts and the record. And if the court has no further questions. Thank you, counsel. Thank you. U.S. v. Castellanos is submitted.
judges: Wardlaw, Kennelly, Lee